UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LOUIS PRESTA | No. 20 CR 475<br><br>Judge Thomas M. Durkin |

**MOTION FOR ENTRY OF AGREED**
**PROTECTIVE ORDER GOVERNING DISCOVERY**

Pursuant to Fed. R. Crim. P. 16(d), the United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, moves for the entry of an agreed protective order and in support thereof states as follows:

1. The indictment in this case charges defendant with using an interstate facility to facilitate bribery (Counts One, Two, and Three), making a false statement (Count Four), willfully failing to file an income tax return (Count Five), and willfully filing a false income tax return (Counts Six and Seven).

2. Defendant was charged in this case following an investigation which included the interception of certain communications pursuant to orders issued by the Chief Judge or Acting Chief Judge in accordance with Title 18, United States Code, Section 2518.

3. Pursuant to Title 18, United States Code, § 2518(9), the contents of intercepted communications shall not be disclosed at a hearing or other judicial proceeding unless each party has been provided with a copy of the court order and

1

the accompanying applications and affidavits under which the interception was made. Those orders, applications, and affidavits are currently under seal.

4. In accordance with its disclosure obligations under Section 2518(9) and Rule 16.1, the government intends to produce to defendant and defendant's counsel copies of the sealed applications, affidavits, and orders authorizing the interception of communications in this case.

5. The government requests that the Court direct that the release of the applications, affidavits, and court orders, as well as any recordings, reports, and other materials that may be turned over in connection with this matter, be subject to the conditions set forth in the proposed protective order.

6. The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510–2520, on the disclosure and use of electronic surveillance information. Subsumed in these constraints and, indeed, a driving force behind them, is the protection of the privacy interests of persons, including third parties, who were intercepted but who not have been charged. Although the wiretap applications, affidavits, and orders are being disclosed to defendant in accordance with 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b). These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star,* 666 F.2d 1168, 1175–76 (8th Cir. 1981) (observing that the district court's order barring defendant and his

attorneys from disclosing wiretap applications, orders, and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good-cause requirement of the statute called for consideration by the courts of the privacy interests of third parties who might be affected by the disclosure).

7. The discovery to be provided by the government in this case includes sensitive information in addition to the wiretap materials, the unrestricted dissemination of which could adversely affect law enforcement interests and the privacy interests of third parties.

8. The government has discussed the proposed protective order with counsel for defendant, who agrees to the entry of the proposed order.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order relating to the sealed applications, affidavits, and orders authorizing the interception of communications in this case, which are being provided to defendant and defendant's counsel as contemplated by Title 18, United States Code, Section 2518(9), as well as to any other recordings, reports, and investigative materials that may subsequently be turned over in connection with this case.

                                                          Respectfully submitted,

                                                          JOHN R. LAUSCH, JR.
                                                          United States Attorney

By:   /s/ *James P. Durkin*
         JAMES P. DURKIN
         Assistant U.S. Attorney
         219 South Dearborn St., Rm. 500
         Chicago, Illinois 60604
         (312) 353-6630

Dated: August 20, 2020